IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LASHUNDRA BRADLEY,
Individually and as Administrator of
the Estate of Anthony Corel Bradley                                                        PLAINTIFF

v.                                      Case No. 4:21-cv-4046

MILLER COUNTY, ARKANSAS, *et al.*                                                      DEFENDANTS

## ORDER

Before the Court is a Motion for Order filed by Defendants Miller County, Arkansas, Casey Brown, Alan Moore, Chance Patterson, Casey Powell, and Jeffie Walker ("County Defendants"). ECF No. 26. County Defendants seek to have the Court rule on their pending Motion for Summary Judgment (ECF No. 14) or provide an explanation as to why the Court has not ruled in their favor.

Plaintiff filed her complaint on July 7, 2021. ECF No. 2. County Defendants filed their motion for summary judgment on July 19, 2022, the previous dispositive motion deadline in this matter. Plaintiff responded, but did not substantively address the issues for summary judgment. ECF No. 19. Instead, counsel for Plaintiff argued that unfortunate professional circumstances had hindered his ability to meaningfully litigate this matter and requested that the Court defer ruling on the County Defendants' motion for summary judgment. Plaintiff later filed a motion to continue this matter, requesting a continuance of the trial and a corresponding reset of all discovery deadlines. ECF No. 20. County Defendants opposed any delay in ruling on their dispositive motion or continuing the trial, arguing that Plaintiff had admitted to not being able to dispute their presented facts and that resetting deadlines would give Plaintiff an unfair second chance that would prejudice County Defendants. ECF Nos. 21 and 22. The Court subsequently granted Plaintiff's request for a continuance, resetting the trial date lifting all discovery deadlines. ECF No. 24. A

new scheduling order was issued, which set the new trial date for September 18, 2023.  ECF No. 25.

In the instant motion, County Defendants argue that the Court should grant their pending motion for summary judgment or provide clarification on why it has not yet done so.  County Defendants contend that Plaintiff's response to their motion for summary judgment admits that there are no material facts in dispute and that their asserted facts should be deemed admitted.  Consequently, County Defendants conclude that their asserted defense of qualified immunity is undisputed and that the claims against them should be dismissed.  County Defendants also note that qualified immunity issues should be addressed at the earliest stage possible to avoid unnecessary litigation.  *See Payne v. Britten*, 749 F.3d 697, 700-02 (8th Cir. 2014).  If the instant motion is denied, County Defendants request some rationale from the Court as to why so that County Defendants could cite the reasoning in any interlocutory appeals.

The Court finds that it should deny County Defendants' request for an order on their motion for summary judgment at this time.  While Plaintiff's filing after County Defendants' motion for summary judgment is labeled a response, it lacks any substantive characteristics of a response to the motion for summary judgment.  Rather, the "response" and the subsequent motion for continuance never address any factual issues relevant to the motion for summary judgment and focus entirely on counsel's inability to litigate this matter and the request for new deadlines.  Though County Defendants characterize Plaintiff as having admitted that there are no genuine factual disputes, the Court views Plaintiff's position as more accurately stating that circumstances have not allowed counsel to be in a position to properly respond to the summary judgment motion in any manner.  County Defendants' complaint regarding the urgency of addressing their qualified immunity defense is also not persuasive.  If County Defendants were eager for an expediate

application of their qualified immunity defense, they would not have waited until the dispositive motion deadline to have it applied.

However, the Court finds that a deadline for Plaintiff to substantively respond to the pending motion for summary judgment should have been issued at the time this matter was continued. The Court will now order that Plaintiff submit a substantive response within thirty days of the date of this order. All deadlines in the most recent scheduling order are unchanged.

For the reasons stated above, the Court finds that County Defendants' Motion for Order (ECF No. 26) should be and hereby is **DENIED**. The Court will not rule on County Defendants' Motion for Summary Judgment (ECF No. 14) at this time. Plaintiff is hereby **directed** that any response to County Defendants' pending motion for summary judgment must be submitted by **January 25, 2023**.

**IT IS SO ORDERED**, this 26th day of December, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge