IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LASHUNDRA BRADLEY,
Individually and as Administrator of
the Estate of Anthony Corel Bradley                                                                PLAINTIFF

v.                                              Case No. 4:21-cv-4046

MILLER COUNTY, ARKANSAS, *et al.*                                                              DEFENDANTS

## ORDER

Before the Court is Separate Defendants Jeffie Walker, Casey Powell, Casey Brown, Alan "Keith" Moore, Chance Patterson, and Miller County, Arkansas' ("County Defendants") Motion for Summary Judgment. ECF No. 14. Plaintiff has responded. ECF No. 33. The matter is ripe for consideration. The Court finds that the instant motion must be denied in its current form and that County Defendants will have an opportunity to renew their request for summary judgment.

### I. BACKGROUND

Plaintiff filed her complaint against all Defendants[1] on July 7, 2021. ECF No. 2. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and Arkansas' wrongful death tort. Plaintiff, as administrator of the estate of Anthony Corel Bradley ("Mr. Bradley"), alleges that County Defendants violated Mr. Bradley's Eighth and Fourteenth Amendment rights during his confinement in the Miller County Detention Center ("MCDC") from July 6, 2018, to July 8, 2018. Plaintiff alleges that Defendants subjected Mr. Bradley to unconstitutional conditions of confinement by not providing obviously necessary medical care and being knowingly indifferent to a medical emergency, which ultimately led to Mr. Bradley's death on July 8, 2018.

---

[1] Plaintiff also brings claims against Defendants Southern Health Partners, Inc., Steve King, Chelsey Foster, Loni Redfearn, and Steve Foltz. Southern Health Partners, Inc. provided day-to-day medical services in the MCDC, and these individual Defendants were in its employ at the time relevant to this action.

On July 19, 2022, County Defendants filed the instant motion for summary judgment. County Defendants filed the instant motion on the dispositive motion deadline set by the Court in an earlier scheduling order (ECF No. 10). Plaintiff filed an initial "Response" to the instant motion, but it functioned more as a request for a continuance of the trial and all pre-trial deadlines because of personal and professional difficulties that had overtaken counsel for Plaintiff. ECF No. 19. Plaintiff later filed a separate motion requesting a continuance and a restart of discovery in this matter. ECF No. 20. The Court granted Plaintiff's request, continuing the trial and resetting discovery for this matter. ECF No. 24. Plaintiff never filed a dispositive motion by the prior June 19, 2022, dispositive motion deadline. Upon a motion by County Defendants requesting clarification regarding the still-pending nature of the instant motion (ECF No. 26), the Court set a deadline for Plaintiff to file a substantive response to County Defendants' motion for summary judgment (ECF No. 28). On January 28, 2023, Plaintiff filed her response in opposition. ECF No. 33.

## II. LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *See id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party. *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of a motion for summary judgment. *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020 WL 1432048 at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

### III. DISCUSSION

The Court finds that it must deny County Defendants' motion for summary judgment. The fundamental shortcoming in County Defendants' motion is their insertion of two completely different factual circumstances in their brief in support. ECF No. 16. In attempting to dispute the adequacy of Plaintiff's claims, County Defendants cite to facts from a different matter involving a death in confinement in Washington County:

> The Plaintiff's only claim(s) against the Separate County Defendants arises under 42 U.S.C. §1983, where the Plaintiff alleges that her decedent (and son) was denied appropriate medical care during his incarceration at the Washington County jail on September 24-25, 2016, which allegedly caused him to commit suicide. Doc. # 79. For the reasons discussed herein, however, the Plaintiff cannot prove deliberate indifference by any of the Separate Washington County Defendants and certainly cannot establish the violation of clearly established law. As such, the Separate

> Washington County Defendants are entitled to qualified immunity and summary judgment as a matter of law.

*Id*. at p. 4.  Noting that evaluating motions for summary judgment are factually intensive and that the motion must be viewed in the light most favorable to Plaintiff, the disparate facts[2] utilized by County Defendants precludes the Court from finding that they have borne their burden of showing that there is no genuine issue of any material fact for this matter.

However, the Court must also take note of its prior order continuing the trial and discovery deadlines.  ECF No. 24.  At the time of that order, Plaintiff had not filed a dispositive motion by the prior deadline.  Under the reset deadlines, Plaintiff would have an opportunity to file a dispositive motion while County Defendants, who complied with the previous deadline, would no longer be able to file a dispositive motion after the Court's denial of the instant motion.  Accordingly, due to considerations of fundamental fairness, County Defendants will be permitted to renew their motion for summary judgment any time before the June 20, 2023, dispositive motion deadline in the most recent scheduling order (ECF No. 25) put forth by the Court.

## IV. CONCLUSION

For the reasons stated above, County Defendants' Motion for Summary Judgment (ECF No. 14) is hereby **DENIED WITHOUT PREJUDICE**.  County Defendants may renew their motion for summary judgment any time before the current dispositive motion deadline.

**IT IS SO ORDERED**, this 3rd day of February, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Plaintiff noted in her response that the inclusion of the facts from the Washington County matter seem to be the result of a "hasty copy/paste job."  ECF No. 34, p. 3.